IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| JENNIFER RAE ZACH, and THE GUARDIANSHIP AND CONSERVATORSHIP OF JENNIFER R. ZACH, and MARJORIE CARSON-ZACH, Individually, as Mother and Next Friend of Jennifer R. Zach, and as Guardian and Conservator of Jennifer R. Zach, | * * * * * * * * | 3:05-cv-00097 |
| Plaintiffs, | * * | |
| v. | * * | |
| CENTOCOR, INC. and JOHNSON & JOHNSON, INC., | * * * | ORDER STIPULATED MOTION |
| Defendants. | * * | |

Before the Court is the Parties' Stipulated Motion to Unseal and Publish May 21, 2007 Order (in Redacted or Modified Form), filed on June 8, 2007. Clerk's No. 59. Defendants, Centocor, Inc. ("Centocor") and Johnson & Johnson, Inc. ("J&J") (collectively "Centocor"), and Plaintiffs, Jennifer Rae Zach ("Ms. Zach"), the Guardianship and Conservatorship of Jennifer R. Zach, and Marjorie Carson-Zach ("Mrs. Carson-Zach"), individually, as Mother, Next Friend, Guardian and Conservator of Jennifer R. Zach (collectively "Plaintiffs"), request that the Court unseal and publish its May 21, 2007 Order (Clerk's No. 57) which granted Centocor's Motion in Limine to Exclude the Testimony of Dr. Esam Dajani (Clerk's No. 24), and Motion for Summary Judgment (Clerk's No. 23). The Court held a telephonic hearing on the pending motion on June 14, 2007. Clerk's No. 61. For the reasons stated below, the motion is DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

On or about July 8, 2005, Plaintiffs filed their complaint in the Iowa District Court for

Johnson County, alleging: strict product liability, breach of express warranties, breach of implied warranties, failure to warn, negligence, misrepresentation, loss of consortium, and negligent infliction of emotional distress. Clerk's No. 1.3. Defendants removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Clerk's No. 1.1. Shortly thereafter, Centocor filed an unresisted Motion for Entry of Protective Order, which was granted. Clerk's Nos. 9, 10. Accordingly, all relevant filings were filed under seal.

The instant action arises out of substantial and debilitating injuries Zach sustained, allegedly from Centocor's pharmaceutical product, Remicade. *See* Clerk's No 1.3. To establish causal link between Zach's injuries and Remicade, Plaintiffs designated Dr. Esam Z. Dajani as their expert, and Dr. John Lloyd-Still as their rebuttal expert. On February 20, 2007, Centocor filed a Motion to Exclude the Testimony of Dr. Esam Dajani (Clerk's No. 24) and a Motion for Summary Judgment (Clerk's No. 23). Once the matters were fully submitted, the Court issued its Order on May 21, 2007 ("the Order"). In the Order, after following *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny, the Court granted Centocor's Motion to Exclude the Testimony of Dr. Dajani. Without expert testimony to establish causal link between Zach's injuries and Remicade, the Court granted Centocor's Motion for Summary Judgment on all counts. The Court chose not to publish the Order because the Court did not believe that the Order would add to the body of law; further, the Court filed the Order under seal because it discussed personal information of a sensitive nature, including Zach's medical records.[1]

---

[1] The entire record before the Court was filed under seal by the parties pursuant to the Protective Order.

## II.  LAW AND ANALYSIS

The Judicial Council of the Eighth Circuit adopted the following in regards to publication of opinions:

> 1.  It is unnecessary for the [Court of Appeals for the Eighth Circuit] to . . . publish every opinion written. . . .  [T]he nonpublication of an opinion does not mean that the case is considered unimportant.  It does mean that an opinion in the case will not add to the body of law. . . .
>
> . . .
>
> 4.  An opinion should be published when the case or opinion:
>
>> (a) establishes a new rule of law or questions or changes an existing rule of law in this Circuit,
>>
>> (b) is a new interpretation of or conflicts with a decision of a federal or state appellate court,
>>
>> (c) applies an established rule of law to a factual situation significantly different from that in published opinions,
>>
>> (d) involves a legal or factual issue of continuing or unusual public or legal interest,
>>
>> (e) does not accept the rationale of a previously published opinion in that case, or
>>
>> (f) is a significant contribution to legal literature through historical review or resolution of an apparent conflict.

Eighth Circuit Rules App., Plan for Publication of Opinions.  The Court will use these factors as guidance to determine whether the Order should be unsealed and published.

The parties seem to indicate that the Order should be unsealed and published because the Court's analysis will be useful "to future litigants and courts."  Stip. Mot. to Unseal and Publish ¶ 4.  Specifically, Centocor states that the Order will be useful to future litigants (1) because it "address[es] *Daubert* issues in the concept of pharmaceuticals," and (2) addresses the "question

of the learned intermediary [doctrine, as it relates to] a prescribing physician, and a medicine like Remicade," and it would shed light for "several other jurisdictions trying to predict . . . how Iowa would address these types of warning issues." Hr'g Tr. at 2.[2] The Court disagrees.

First, the Court is not persuaded that the Order would add anything to the already well-developed area of law for "*Daubert* issues." The Court's analysis under *Daubert* was, by necessity, very fact specific. However, the Court's adherence to its gate-keeping function and underlying analysis were premised on an established rule of law. Hence, the Order does not somehow establish a new rule to address *Daubert* issues in the pharmaceutical context in Iowa. The Court merely applied an establish rule of law to the specific facts of the case. Because *Daubert* analyses are by their very nature fact-intensive inquiries, the Court doubts that the Order would assist future litigants or courts in conducting the *Daubert* analysis in the pharmaceutical context in Iowa – unless of course, the same expert, relying on the same studies and same medical records, opines about causation.

Second, the Court does not believe that the Order addressed the issue of the learned intermediary doctrine. Centocor suggests that in analyzing the merits of the misrepresentation claim, the Court "addressed Dr. Uc and her knowledge and understanding, and it clearly talked in terms of the physician's knowledge and understanding being important." Hr'g Tr. at 4. The Court must disagree. In the Order, the Court relied upon *Wright v. Brooke Group Limited*, 652 N.W.2d 159 (Iowa 2002) to conclude that Iowa did not recognize "a fraud claim when the relationship between a plaintiff and a defendant is solely that of a customer/buyer and manufacturer with two exceptions." 652 N.W.2d at 177. This holding in no way implicates the

---

[2] Hearing transcript references refer to the Court's unedited RealTime transcript.

learned intermediary doctrine.  The Court did, however, mention in dicta: "Thus, any information contained in the Mohan study was available to the public and Dr. Uc."  Clerk's No. 57 at 30.  This one sentence is the sum total of any reference to "Dr. Uc" or a physician's knowledge.  Thus, it is unclear to the Court how this one sentence, which tangentially (at best) references Dr. Uc, could possibly shed light for "other jurisdictions trying to predict . . . how Iowa would address these types of warning issues" and the learned intermediary doctrine.  *See* Hr'g Tr. at 2.  The Court's holding addressed whether Plaintiffs, as customers, could maintain a fraudulent misrepresentation claim against Centocor, a manufacturer of the medication.  The Order and its holding in no way discusses, much less sheds light on, the application of the learned intermediary doctrine.  Accordingly, the Court believes that it is not necessary to unseal and publish the Order.  The Court is mindful of the factors identified by the Judicial Council of the Eighth Circuit regarding publication of opinions, and denies the Parties' Stipulated Motion to Unseal and Publish May 21, 2007 Order (in Redacted or Modified Form).[3]

### III.  CONCLUSION

For the reasons stated above, the Parties' Stipulated Motion to Unseal and Publish May 21, 2007 Order (in Redacted or Modified Form) (Clerk's No. 59) is DENIED.

IT IS SO ORDERED.

Dated this ___22nd___ day of June, 2007.

ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT

---

[3] Although the motion to unseal and publish is stipulated, during the hearing counsel for Plaintiffs stated that he would like nothing better than to "take the ruling and bury it deep as [he] could."  Hr'g Tr. at 2.  When asked why Plaintiffs agreed to unseal and publish the Order, counsel stated that it was his understanding that if he appealed the Order to the Eighth Circuit, the Order will become unsealed, so "the only reason not to join a motion to unseal would be if [Plaintiffs] don't plan on appealing."  *Id.* at 3.  The Court believes that Plaintiffs misunderstand the appeal process.